UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>WILLIAM ARGYLE MERRILL,<br><br>Defendant. | Case No. 4:18-CR-267-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant William Argyle Merrill's ("Merrill") Motion to Disqualify District Court Judge. Dkt. 72. Upon review and for the reasons set forth below, the Court DENIES the Motion.

From 2006 through 2009, Merrill was a participant in the State of Idaho, 6th District Drug Court. Dkt. 72, at 2. As a State District Judge, I presided over Merrill's case in drug court during that period of time. Merrill failed to complete the program and, as a result, I recommended his dismissal from the drug court program. Pursuant to the district's policy, I later recused myself from the termination and sentencing portion of that case.[1]

In his instant motion, Merrill raises concerns that I may have "preconceived

---

[1] The district had an unwritten policy that the judge presiding over any diversionary court would not handle the termination or sentencing of any participate who failed to complete the program for that diversionary court. The district recognized that this was not necessary given the Idaho Supreme Court's decision in *State v. Rogers*, 170 P.3d 881, 882 (Idaho 2007), but because there were three other district judges in the district, the judges believed it was appropriate.

MEMORANDUM DECISION AND ORDER – 1

notions and bias" against him due to his failure to complete the state drug court program. Dkt. 72, at 2. Merrill is also concerned that I may have learned personal information about him during his time in drug court that would result in bias or prejudice against him in the instant case because it involves federal drug charges.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 455(a) a federal judge shall disqualify himself in "any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

In analyzing § 455(a) disqualification motions, the Court employs an objective test, namely: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Herrington v. County of Sonoma*, 834 F.2d 1488, 1502 (9th Cir. 1988) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)). "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005). Importantly, "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Id.* (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

When reviewing similar motions, the Ninth Circuit has previously looked to a non-exhaustive list provided by the Tenth Circuit that sets forth various matters that generally do not warrant or require recusal. *See Clemens*, 428 F.3d at 1178-79. Among seven outlined situations, one is "prior rulings in the proceeding, or another proceeding, solely because they were adverse." *Id.*

Although I recommended termination of Merrill's drug court participation, there would need to be something more than the existence of this adverse ruling to disqualify me from hearing the instant case. Further, though I recused myself from the termination and sentencing portion per the state court's policy, I was not bound by law to do so. The Idaho Supreme Court has made it clear that it is not improper for a drug court judge to serve both in the termination hearing and in the sentencing portion. *See State v. Rogers*, 170 P.3d 881, 882 (Idaho 2007) (explaining that "[t]he drug court judge may preside over the termination proceedings" and that "after the termination hearing if . . . terminated, the drug court judge may serve as the sentencing judge, since information from the termination proceedings would be admissible in a sentencing hearing"). The mere fact that I presided over a diversionary court in which Merrill participated is not a reason for recusal.

Merrill also argues that I may be biased because of information learned while presiding over him in drug court. However, the Supreme Court of the United States explained:

> [N]ot subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to

sit in the same case upon its remand, and to sit in successive trials involving the same defendant.

*Liteky v. U.S.*, 510 U.S. 540, 551 (1994). Thus, regardless of information learned or any potential opinions formed from information gathered during my tenure presiding over Merrill's drug court case, it is normal and proper for me to sit on this case.

In sum, an adverse ruling in a prior case or information learned in prior proceedings is not enough for disqualification in this case. Presiding over drug court proceedings pertaining to the defendant over ten years ago is not enough to warrant disqualification in this case. Because facts do not exist warranting disqualification from this case, Merrill's Motion to Disqualify (Dkt. 72) is DENIED.

### III. ORDER

THE COURT HEREBY ORDERS:

1. Defendant William Argyle Merrill's Motion to Disqualify District Judge (Dkt. 72) is DENIED.

DATED: June 10, 2019

_____
David C. Nye
Chief U.S. District Court Judge