UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM ARGYLE MERRILL,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Case No. 4:23-cv-00091-BLW<br>Criminal Case No. 4:18-cr-00267-BLW-1<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Petitioner William Argyle Merrill's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Civ. Dkt. 1; Crim. Dkt. 577. The Government has responded and Merrill has replied. Civ. Dkts. 6, 7. The Court will deny the Motion.

# BACKGROUND

Pursuant to a plea agreement, Merrill pleaded guilty in July 2019 to a single count of possession with intent to distribute methamphetamine. Crim. Dkt. 1 at 2; *Min. Entry*, Crim. Dkt. 119. The indictment was based on Merrill's leadership role in a conspiracy concerning the trafficking of more than 45 kilograms of methamphetamine. *PSR*, Crim. Dkt. 513, at 6–10. During the investigation,

**MEMORANDUM DECISION AND ORDER - 1**

Merrill's mother told law enforcement officers that she observed what she believed to be methamphetamine in Merrill's vehicle, as well as a pistol in the center console. *Id.* at 10. The pistol was recovered that day. *Id.* at 11. On the following day, Merrill told officers that he had obtained a firearm for "personal protection" in connection with his drug trafficking activities. *Id.* at 12.

The magistrate court appointed M. Anthony Sasser to represent Merrill. During plea negotiations, the parties contemplated the possibility that a sentencing enhancement may be proposed pursuant to the United States Sentencing Guidelines § 2D1.1(b)(1) based on the fact that Merrill possessed a firearm during the offense conduct. *See Sasser Aff.*, Civ. Dkt. 6-1, at 3. The Government provided Sasser a copy of Merrill's admission regarding the firearm. *Id.* Sasser shared this document with Merrill, who then agreed that "for purposes of cooperation and acceptance of responsibility, it was better to not oppose the firearm enhancement." *Id.* Accordingly, Sasser did not object to the application of the enhancement. The Court applied the two-level enhancement under §2D1.1(b)(1) at sentencing. *Sent. Tr.*, Crim. Dkt. 540, at 5, 52.

Also at the sentencing hearing, Sasser argued, at Merrill's request, that the base offense level should be 27. *Id.* at 31–32. The author of the presentence report calculated the base level to be 38 due to the amount of methamphetamine involved

**MEMORANDUM DECISION AND ORDER - 2**

in the offense: a mixture exceeding 45 kilograms. *PSR*, Crim. Dkt. 513, at 15; U.S.S.G. § 2D1.1(c)(1). The Court agreed with the PSR. *Sent. Tr.*, Crim. Dkt. 540, at 31–32, 41.

Merrill filed a direct appeal which he later voluntarily dismissed. Crim. Dkts. 530, 599. In this Motion, he claims he is entitled to relief under 28 U.S.C. § 2255 because Sasser rendered ineffective assistance. Civ. Dkt. 1, Crim. Dkt. 577.

## LEGAL STANDARD

Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

A district court may dismiss a § 2255 motion at various stages, including pursuant to a motion by the respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254*

*Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.*

A response from the Government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quotation omitted). To obtain an evidentiary hearing, a defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

The Court will decide the Motion without a hearing because Merrill has failed to state facts which, if true, would entitle him to relief. *See Keller*, 902 F.2d at 1395.

## ANALYSIS

Merrill's Motion is based upon two separate claims that his attorney's representation was constitutionally deficient: 1) that Sasser failed to move for a continuance of the sentencing hearing after Merrill informed him that he was not prepared to argue on his own behalf; and 2) that Sasser failed to object to the application of the firearms enhancement under U.S.S.G. § 2D1.1(b)(1).

A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To establish a claim for ineffective assistance of counsel, a petitioner must prove that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that counsel's performance was deficient, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. There is a strong presumption that counsel was within the range of reasonable assistance. *Id*. at 689. To establish that counsel's performance prejudiced the defense, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In evaluating an ineffective assistance of counsel claim, a court may consider the performance and prejudice components of the *Strickland* test in either order. *Id.* at 697. The Court need not consider one component if there is an insufficient showing of the other. *Id.*

### A.   Sasser's Decision Against Requesting a Continuance of the Sentencing Hearing

Merrill first claims that Sasser's conduct was constitutionally deficient

because he did not request a continuance of the sentencing hearing. He explains that he had intended to argue on his own behalf with respect to a particular issue, but arrived at court that day feeling unprepared to do so. *Mot.*, Civ. Dkt. 1, at 4. He claims that he informed Sasser of this prior to the commencement of the hearing and that Sasser should have moved for a continuance so that Merrill could argue on a future date. *Id.* Sasser has clarified that Merrill wished to argue for a lower base offense level, but that Sasser believed the argument was "not at all within reason and logic" and contradicted the Guidelines. *Sasser Aff.*, Civ. Dkt. 6-1, at 3–4. Sasser explains that, based on his role as Merrill's advocate, he decided to make the argument Merrill had requested when it became apparent that Merrill did not feel comfortable doing so. *Id.* at 4; *Sent. Tr.*, Crim. Dkt. 540, at 31 (recommending a base offense level of 27).

Sasser's performance was not deficient with respect to this claim. He presented the argument that Merrill wished to be made regarding the base offense despite the fact that Sasser believed it had no basis in law, and the Court rejected it. *Sent. Tr.*, Crim. Dkt. 540, at 31–32, 41. Even if Sasser had performed deficiently in his presentation of this argument, Merrill has failed to establish that his conduct prejudiced the case. The base offense level of 38 was calculated from a methamphetamine mixture weighing at least 45 kilograms. *Id.* at 4; *PSR*, Crim.

**MEMORANDUM DECISION AND ORDER - 6**

Dkt. 513, at 15; U.S.S.G. § 2D1.1(c)(1) (2021). Merrill has not shown how the sentencing Court could have been persuaded to find his base offense level to be 27 rather than 38 as prescribed by the Guidelines.

### B. Application of the Enhancement Under § 2D1.1(b)(1)

Merrill's other claim of ineffective assistance of counsel is grounded on Sasser's decision not to object to the application of the firearms enhancement under U.S.S.G. § 2D1.1(b)(1).

The Court applied the enhancement based on information contained in the PSR that Merrill's mother observed a pistol in his vehicle with what she believed to be methamphetamine; the pistol was recovered the same day; and Merrill admitted to investigators that he had obtained a firearm for "personal protection." *PSR*, Crim. Dkt. 513, at 10–12. An objection to the firearms enhancement would have certainly been overruled; accordingly, Merrill was not prejudiced by Sasser's decision not to object.

Furthermore, Sasser provided Merrill a copy of his admission and discussed with him the consequences of challenging the firearms enhancement. *Sasser Aff.*, Civ. Dkt. 6-1, at 3. Those consequences included the possible loss of three offense level points he was due to receive for acceptance of responsibility. Wholly apart from the guideline calculation, making such a claim that was contradicted by his

MEMORANDUM DECISION AND ORDER - 7

own prior statements would have caused the Court to question whether Merrill had truly accepted responsibility for his criminal conduct. Considering the very low likelihood that an objection to the enhancement would have been sustained, and the clear risks of making such an objection, it is clear that Sasser's decision to concede the applicability of the enhancement was sound. Indeed, it was the only rational decision that could be made under the circumstances. "[S]trategic choices made after thorough investigation of law and facts . . . are virtually unchallengeable . . . ." *Strickland*, 466 U.S. at 690. Merrill himself ultimately agreed with Sasser prior to the sentencing that the objection should not be made. *Sasser Aff.*, Civ. Dkt. 6-1, at 3.

Accordingly, Sasser's performance in this case was not constitutionally deficient.

## CONCLUSION

For the foregoing reasons, the § 2255 Motion will be denied.

## Certificate of Appealability

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28

**MEMORANDUM DECISION AND ORDER - 8**

U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack*, 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Having reviewed the record in this case, the Court finds that reasonable jurists would not find its determinations regarding Merrill's claims to be debatable or deserving of further review. Accordingly, the Court will decline to issue a certificate of appealability.

If Merrill wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a certificate of appealability from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2).

A separate judgment shall follow.

## ORDER

**IT IS ORDERED that:**

1. Merrill's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civ. Dkt. 1; Crim. Dkt. 577) is **DENIED AND DISMISSED** in its entirety; and

2. no certificate of appealability shall issue.

DATED: December 4, 2023

B. Lynn Winmill
U.S. District Court Judge