UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM ARGYLE MERRILL,<br><br>Defendant. | Case No. 4:18-cr-00267-BLW-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant William Argyle Merrill's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 585. In support of his Motion, Merrill has filed a supplement, a reply, and a supplement to his reply. Dkts. 587, 592, 593. The Government opposes the motion. Dkt. 590. The Court will deny the Motion without prejudice.

## BACKGROUND

Pursuant to a plea agreement, Merrill pleaded guilty in July 2019 to a single count of possession with intent to distribute methamphetamine. Dkt. 1 at 2; *Min. Entry*, Dkt. 119. The indictment was based on Merrill's leadership role in a conspiracy concerning the trafficking of more than 45 kilograms of

**MEMORANDUM DECISION AND ORDER - 1**

methamphetamine. *PSR*, Dkt. 513, at 6–10. The Court sentenced him to a term of imprisonment of 144 months to be followed by 5 years' supervised release. *J.*, Dkt. 528. He filed this Motion in May 2023. Dkt. 585. The same week, he filed a Motion to Correct and Reduce Sentence to Give Defendant Credit for Time Served, which the Court granted in part and denied in part. Dkts. 586, 595. Merrill's sentence was reduced to 109 months and 20 days. Dkt. 596.

Merrill is incarcerated at the SeaTac Federal Detention Center. In May 2023, after he filed the instant Motion, he sent an electronic message to his warden stating that he previously submitted a request for compassionate release. *Reply*, Dkt. 592, at 25; *Suppl.*, Dkt. 593, at 3. The warden responded in July 2023 and asked Merrill to resubmit his request and to include the basis for the request. *Suppl.*, Dkt. 593, at 3. Bureau of Prisons records from May 2023 do not contain any requests for compassionate release from Merrill. *Gov't's Ex. 1*, Dkt. 590-1. If Merrill submitted a compassionate release request pursuant to the warden's July 2023 message, that request is not in the record before the Court.

## ANALYSIS

Merrill seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine

**MEMORANDUM DECISION AND ORDER - 2**

whether a defendant has exhausted his or her administrative remedies. *Id*. The statute provides, in relevant part, that a court

> . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c)(1)(A).

If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

Merrill has not exhausted his administrative remedies and his motion is therefore not properly before the Court. The record does not support his claim that he has submitted a request for compassionate release to his warden. While his May

**MEMORANDUM DECISION AND ORDER - 3**

2023 message to the warden states that he previously submitted such a request, the Bureau of Prisons' database indicates that he had not submitted one at that time. *Suppl.*, Dkt. 593, at 3; *Gov't's Ex.* 1, Dkt. 590-1, at 2. The record before the Court does not contain any evidence showing that Merrill submitted a request for compassionate release to his warden. He may file a new motion for compassionate release after he exhausts his remedies under § 3582(c)(1)(A).

## ORDER

**IT IS ORDERED** that Defendant Merrill's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Dkt. 585) is **DENIED** without prejudice.

DATED: December 4, 2023

B. Lynn Winmill
U.S. District Court Judge