UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM ARGYLE MERRILL,<br><br>Defendant. | Case No. 4:18-cr-00267-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court are two motions filed by Defendant William Merrill. In his first motion, he asks the Court to reduce his sentence and to order the Bureau of Prisons to transfer him to home confinement so that he can receive needed medical care, which he says he is not getting in prison. In the second, he asks the Court to appoint counsel for him. *See* Dkts. 610, 611. The Court will deny both motions.

## BACKGROUND

Merrill is serving a prison sentence for possession with intent to distribute methamphetamine. He was initially sentenced to 144 months, but the Court later reduced his sentence to 109 months and 20 days to account for time served before sentencing. The government agreed that the reduction was appropriate. Merrill says that despite this reduction, he will still serve nearly 1,000 extra days in prison.

He explains the situation as follows:

> When the Court and the AUSA agreed to adjust my sentence by 34 months to compensate for the time I served that the BOP refused to recognize prior to sentencing, sadly, due to the confusion about how First Step Act credits would and should be applied, I lost close to 1000 days I should have/would have received. 365 days off of the actual term as well as close to 700 days towards the halfway house + or home confinement.

*Letter Motion,* Dkt. 610, at 1-2. He reports that two of his fellow inmates received similar sentences and that they are already being sent to halfway houses/re-entry centers. *Id.* at 2. Merrill also says he is continuing to experience back pain but BOP refuses to allow him to see a neurosurgeon or get the surgery he needs.[1]

## DISCUSSION

**1. Request for a Sentence Adjustment**

The Court will dismiss Merrill's request to adjust his sentence by 1,000 days because it lacks jurisdiction to do so. The Court is not clear why Merrill believes he is being forced to serve 1,000 extra days in prison. Although he generally says there has been confusion about how First Step Act credits should be applied, he doesn't explain which First Step Act credits he is not receiving, or why. But the

---

[1] In addition to these two primary issues (credit for time served and medical issues), Merrill makes a fleeting reference to a threat on his life. He includes this sentence in his letter request: "I have been forced by threat of being killed at 2 facilities and am once again dealing with it." *Letter Motion,* Dkt. 610, at 3-4. Merrill hasn't made any specific request based on this situation, so the Court will assume that BOP is dealing with any safety or security concerns that have arisen.

larger point is that BOP—not the sentencing court—determines whether a prisoner should receive credits under the First Step Act of 2018. *Cf. United States v. Herbert*, No. 14-cr-30198-DWD, 2023 WL 7923727, *2 (N.D. Ill. Nov. 16, 2023) (concluding that even after the First Step Act of 2018, BOP decides whether a prisoner should receive good-time credit). Accordingly, this Court has no authority to award the 1,000 days' worth of credit Merrill seeks, or to reduce his sentence by 1,000 days. If Merrill wishes to pursue the matter, he would first need to ask BOP for the credit he seeks through the BOP's administrative procedures. Once he's done that, and assuming he's unsuccessful, he could seek relief by filing a petition under 28 U.S.C. § 2241 for habeas relief, and any such petition would need to be filed in the district of incarceration, which is not this district. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443, 447 (2004).[2] Accordingly, even if Merrill's motion could be construed as a § 2241 petition, dismissal would still be appropriate.

## 2. Request for Home Confinement and Medical Care

The Court will deny Merrill's request for the Court to direct BOP to transfer him to home confinement because the Court lacks jurisdiction to direct BOP where to house prisoners. That decision rests with BOP. And to the extent Merrill alleges

---

[2] Merrill is currently incarcerated at FCI Florence, so any § 2241 petition would need to be filed in the District of Colorado. *See* https://www.bop.gov/inmateloc/ (last visited July 21, 2025).

MEMORANDUM DECISION AND ORDER - 3

he is suffering from a medical condition requiring specialized care that is not being provided—and that this lack of care puts his health at risk of serious deterioration—he may consider filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1).[3] The Court is not opining as to whether such a motion would be successful. But based on the allegations in his motion, it is clear that Merrill wishes to seek a compassionate release. He cannot seek such relief, however, without first exhausting his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). So even if this motion were construed as a motion for compassionate release, the Court would be compelled to deny it without prejudice. Merrill may refile this motion, should he so choose, after exhausting his administrative remedies.

### 3. Motion for Appointment of Counsel

Finally, the Court will deny Merrill's request for appointment of counsel. There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the

---

[3] Unlike Merrill's potential § 2241 petition, which must be filed in the district of incarceration, any motion for compassionate release would be filed with the sentencing court, which in this case is the District of Idaho.

MEMORANDUM DECISION AND ORDER - 4

discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). In this case, appointment of counsel is not warranted. Neither of Merrill's requests (credit for time served or compassionate release) is particularly complex, and he should be able to adequately pursue both on a pro se basis.

## ORDER

**IT IS ORDERED** that:

1) Defendant's letter motion (Dkt. 610) is **DISMISSED.**

2) Defendant's motion for appointment of counsel (Dkt. 611) is **DENIED.**

DATED: July 25, 2025

B. Lynn Winmill
U.S. District Court Judge